UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>ex rel. **ROBERT KEITH BENDER**<br><br>**Plaintiff,**<br>v.<br><br>**NORTH AMERICAN**<br>**TELECOMMUNICATIONS INC.,**<br>et al.<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 1:06cv01432 (GK) |

**PAE GOVERNMENT SERVICES, INC.'S MOTION TO DISMISS THE COMPLAINT**

Defendant PAE Government Services, Inc. ("PAE") hereby moves this Court to dismiss the Complaint, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is supported by the attached Memorandum.

Dated: May 15, 2008

                                                  Respectfully submitted,

                                                      /s/ James A. Bensfield
                                        James A. Bensfield (D.C. Bar No. 189084)
                                        Mary Lou Soller (D.C. Bar No. 246231)
                                        655 Fifteenth Street, N.W.
                                        Suite 900
                                        Washington, DC 20005-5701
                                        Telephone: (202) 626-5800
                                        Facsimile: (202) 626-5801
                                        Email: jbensfield@milchev.com

                                        **Attorneys for PAE Government Services, Inc.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. ROBERT KEITH BENDER<br><br>Plaintiff,<br>v.<br><br>NORTH AMERICAN<br>TELECOMMUNICATIONS INC.,<br>et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO: 1:06cv01432 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
PAE GOVERNMENT SERVICES, INC.'S MOTION TO DISMISS THE COMPLAINT**

Defendant PAE Government Services, Inc. ("PAE") respectfully submits the following memorandum in support of its Motion to Dismiss the Complaint, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Robert Bender ("Bender") filed this suit pursuant to the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729. The United States has declined to intervene, but Bender has nonetheless chosen to proceed as the plaintiff/relator. Bender's Complaint alleges a variety of FCA violations associated with a United States Department of Agriculture ("USDA") building maintenance contract with Defendant North American Telecommunications, Inc. ("NATI") and a subsequent contract with Defendant Capitol Technology Services, Inc. ("CTSI"). PAE was a subcontractor to CTSI and performed electrical work on USDA buildings. Bender is an electrician who formerly worked for NATI. He never worked for CTSI or PAE. Among his

claims, Bender asserts that, by allegedly employing unlicensed electricians, PAE "caused" CTSI to falsely certify compliance with its contractual requirement to use only properly licensed electricians.

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), Bender's Complaint should be dismissed as to PAE for four reasons. First, Bender mentions PAE in only two sentences that are relevant to a single count (Count III) of his five-count, 32-page Complaint. However, Bender appears to seek to hold *all* defendants -- including PAE -- liable on all counts. Because Bender has failed to state a claim as to how PAE is involved in any of the other alleged FCA violations of which he complains, Counts I, II, IV, and V should be dismissed as to PAE., pursuant to Rule 12(b)(6). Second, Bender's allegation in Count III is devoid of basic factual information concerning the purported fraud and must also be dismissed pursuant to Rule 9(b). Third, although all of Bender's allegations against PAE are based on information and belief, Bender's Complaint fails to meet this Court's clear requirement that such pleadings be accompanied both by an allegation that the necessary information lies within the defendant's control and a statement of facts upon which the fraud allegations are based. Finally, Count III should be dismissed for the additional reason that it fails to state a claim because Bender has not asserted that PAE knowingly caused CTSI to submit false claims to the USDA, let alone offer any facts to support such a conclusion.

## BACKGROUND

The Complaint alleges that from 1990 to 2003, Bender worked as an electrician at the Facilities and Management Division of the USDA's Office of Operations. Compl. ¶ 21. From October 1, 1997, to March 31, 2003, NATI held a contract with USDA for the operation and maintenance of certain USDA buildings in Washington, D.C., under which it was responsible for

the heating, ventilation, air conditioning, preventive maintenance, plumbing, minor repairs, and day-to-day operations of the buildings. *Id.* ¶ 22, 32. On April 1, 2003, after NATI's contract ended, CTSI took over the contract. *Id.* ¶¶ 25, 35. PAE, a subcontractor to CTSI, performed electrical work on the buildings, *id.* ¶ 28; it never performed any work for NATI.

On April 14, 2006, Bender filed this *qui tam* suit, pursuant to 31 U.S.C. § 3729, alleging that NATI, along with seven other defendants, committed numerous violations of the False Claim Act with respect to these USDA building-maintenance contracts. Bender asserts that he has "direct and independent knowledge of the allegations in [his] complaint specifically with regard to the allegations arising from the contracts held by [NATI]," Compl. ¶ 4, and that he "personally witnessed" NATI commit the False Claims Act violations he complains of. *Id.* ¶ 41. Bender makes no such claims of direct and independent knowledge with respect to his allegations arising from CTSI's contract or from PAE's work for CTSI. Rather, Bender describes the basis for his Complaint as follows: "The Relator's information based on his investigation is that CTSI is currently engaged in the same fraud against the Government." *Id.* ¶ 36.

With respect to PAE specifically, Bender mentions PAE only in the factual background to his Count III, asserting that PAE, at unstated times, employed unnamed unlicensed electricians, and thereby allegedly caused CTSI to falsely certify to the USDA that it was in compliance with its contractual requirement to use only licensed electricians. *Id.* ¶¶ 92, 156-59. Regarding this licensing requirement, Bender purports to cite a provision from CTSI's contract with the USDA requiring it to use only electricians who "hold a D.C., Virginia, and/or Maryland electrician's license." *Id.* ¶ 89. Bender's Complaint contains no allegation that this provision flowed down to PAE's contract with CTSI, or that PAE was even aware of this provision.

3

Finally, despite discussing PAE only in Count III, Bender appears to attempt to hold PAE liable for all five counts. *See, e.g., id.* ¶ 143 (Count I) ("The *defendants* knowingly, willfully, and recklessly claimed bonuses under the contracts for Operation and Maintenance based on response times and completion times for repairs in the USDA facilities.") (emphasis added).

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In passing on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008). A plaintiff, however, must set forth "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* And while the Court must give the plaintiff "the benefit of all reasonable inferences derived from the facts alleged," *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (internal quotation and citation omitted), the Court "need not accept inferences unsupported by facts in the complaint." *Martin v. ARC of D.C.*, CA No. 05-1411 (EGS), 2008 U.S. Dist. LEXIS 24448, at *6-7 (D.D.C. Mar. 28, 2008) (*citing Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"[B]ecause the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with Rule 9(b)." *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002). Rule 9(b) serves several purposes, one of which is to "safeguard[] potential defendants from frivolous accusations of moral turpitude." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (internal citation and quotation omitted). In order to safeguard such defendants, Rule 9(b) requires

plaintiffs to "state the time, place, and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." *Kowal*, 16 F.3d at 1278. In addition, the claim must also "identify with specificity who precisely was involved in the fraudulent activity." *Williams*, 389 F.3d at 1257.

## ARGUMENT

I. **COUNTS I, II, IV, AND V FAIL TO EVEN MENTION PAE AND THUS MUST BE DISMISSED AS TO PAE FOR FAILURE TO STATE A CLAIM**

Bender mentions PAE in only two substantive sentences relevant to a single count -- Count III -- in his 32-page Complaint. PAE is not mentioned at all in connection with the other four counts. However, later in the document, Bender nevertheless seeks to hold "each of the above-named Defendants" liable for all five counts. *See* Compl. ¶¶ 145, 152, 159, 164, 170.

It is unclear whether Bender intended to include PAE in Counts I, II, IV, and V. If he did not intend to do so, these Counts should be dismissed as to PAE. If Bender did intend to include PAE in Counts I, II, IV, and V, they should still be dismissed for failure to state a claim because they fail to meet even minimal notice pleading standards, let alone the heightened standards of Rule 9(b).

This Court has previously rejected just such a "shotgun approach" in *United States ex rel. Grynberg v. Alaska Pipeline Co.*, No. 95-725 (TFH), 1997 U.S. Dist. LEXIS 5221 (D.D.C. Mar. 27, 1997). There, as here, the relator filed a *qui tam* complaint against several defendants, but "never identifie[d] which defendants engaged in which practices." *Id.* at *13. Instead, the relator generally alleged that "at least one of [the named defendants] committed at least one of [the types of fraud alleged]." *Id.* at *14. Because the relator's allegations did not "put any specific defendant on notice of anything but [left] defendants to perform the investigation and sort out their own involvement," the Court dismissed the relator's complaint for failing to plead

5

fraud with particularity. *Id.* at *14-15. Other courts have similarly dismissed attempts by relators to lump disparate defendants together without providing individualized allegations of fraudulent conduct. *See, e.g., United States v. New York City Health & Hosp. Corp.*, No. 95 Civ. 7649 (LMM), 2000 U.S. Dist. LEXIS 15677, at *7-8 (S.D.N.Y. Oct. 27, 2000) (dismissing *qui tam* complaint as to defendants against whom relators "[did] not allege any of [the] facts [concerning fraud]" that they alleged against other defendants); *Lubin v. Sybedon Corp.*, 688 F. Supp. 1425, 1443 (S.D. Cal. 1988) (holding that plaintiff's "dragnet tactic of indiscriminately grouping all of the individual defendants into one wrongdoing monolith" failed to satisfy 9(b)).

Here, Bender apparently seeks to hold PAE liable on Counts I, II, IV, and V, despite failing to specify how -- or even if -- PAE was involved in the alleged fraud recited in those counts. Like the relator in *Grynberg*, for each count, Bender merely alleges that "each of the above-named Defendants" committed fraud. *See* Compl. ¶¶ 145, 152, 164, 170. Because Bender has failed to allege how PAE committed any of the purported fraudulent acts for which he seeks to hold the company liable, Counts I, II, IV and V must de dismissed as to PAE.

## II. COUNT III FAILS TO ALLEGE BASIC FACTUAL INFORMATION CONCERNING THE PURPORTED FRAUD, AND THUS IT MUST ALSO BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 9(B)

Count III alleges that, by purportedly employing unlicensed electricians, PAE caused CTSI to falsely certify to the USDA that it was in compliance with a contractual requirement to employ only licensed electricians. Bender's description of PAE's involvement in this alleged fraud is limited to the following two sentences: "Under CTSI's contract the electrical work was performed by a subcontractor which hired many of NATI's old electrical workers to continue on the site. The subcontractor PAE Government Services, Inc. continued to use unlicensed electricians to perform the work for which licensed electricians were required under the

contracts." Compl. ¶ 92. For the following reasons, this summary assertion falls woefully short of the particularity required by Rule 9(b).

First, the Complaint fails to identify with any specificity the substance of exactly what PAE allegedly caused CTSI to misrepresent to the USDA. While Bender does make the bald assertion that PAE employed unlicensed electricians (*see* Compl. ¶ 92), he does not even identify who these PAE employees were or what licenses they lacked. At most, Bender references one individual, Michael Zanders, and identifies him as an unlicensed electrician somehow connected to CTSI, but there is no allegation that Mr. Zanders is or ever was a PAE employee. *See id.* ¶ 91. In addition, nowhere in his Complaint does Bender identify a single allegedly false invoice that PAE purportedly caused CTSI to submit to the USDA, let alone the specific content of such an invoice. *See United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 303 (D.D.C. 1996) (dismissing relator's complaint where it failed "to state the date or dates on which the allegedly false invoices were submitted" or "to give the invoice(s) number").

Second, the Complaint fails to identify who at PAE allegedly hired unlicensed workers in knowing contravention of CTSI's licensing requirement, and/or submitted invoices for such workers, despite knowing of this requirement. In *Williams*, the Circuit Court affirmed the trial court's dismissal of a *qui tam* complaint on Rule 9(b) grounds because the relator only "refer[red] generally to 'management' and provide[d] a long list of names without ever explaining the role these individuals played in the alleged fraud." *Williams*, 389 F.3d at 1257. Here, Bender has done even less. Recognizing that even if he had done so, it would not be

7

sufficient, Bender did not so much as refer to PAE management, let alone provide a list of names.[1]

Third, the time period of the purported fraud is likewise obscure. In the background section purporting to describe PAE's role in the allegations of Count III, Bender fails to specify a single date -- or even a date range. *See* Compl. ¶¶ 85-94. The discussion specifically related to Count III itself is similarly devoid of any dates. *See id.* ¶¶ 155-59. Indeed, the only temporal information relevant to PAE that can be gleaned from the Complaint is that CTSI took over the USDA contract on April 1, 2003. Thus, it is unclear exactly when any purported fraud began, for how long it occurred, and when it ended. As a result, the Complaint fails to state the time period of the purported fraud with particularity. *See Williams*, 389 F.3d at 1256-57 (affirming dismissal on 9(b) grounds where "[s]everal paragraphs [of the complaint] nebulously allege that the period in question is at least through 2002," but "nowhere does the complaint allege a start date") (internal quotation marks omitted).

Finally, the Complaint fails to assert what the USDA allegedly retained or gave up as a result of CTSI's alleged false certification of compliance with worker licensing requirements. It thus fails to satisfy the requirements of Rule 9(b) and should be dismissed. *See id.* at 1258 ("And what did the government 'retain[] or give[] up' due to the alleged fraud? [Relator's complaint] provides no answer.") (internal citation omitted).

In sum, Bender has failed to plead with particularity a single element of the purported fraudulent scheme he complains of. Nowhere in his Complaint does Bender identify the names

---

[1] In paragraph 16 of his Complaint, Bender does state that "Defendant Don Swenson" was a Vice President of PAE, but never alleges how, if at all, Mr. Swenson may have been involved in the alleged fraud. Further, Mr. Swenson is not a defendant in this matter. Other than this reference, he is not discussed in the Complaint, not included in the caption, and was not served.

of any purportedly unlicensed electricians employed by PAE, the dates of their employment, the invoices requesting payment for their work, the names of anyone at PAE that perpetrated the alleged fraud, or what exactly the USDA retained or gave up as a result. Indeed, Bender's bare, unsupported claim is precisely the type of "frivolous accusations of moral turpitude" that Rule 9(b) serves to guard against, *see id.* at 1256, and should accordingly be dismissed.

### III. THE CASE SHOULD BE DISMISSED AS TO PAE BECAUSE THE COMPLAINT IS BASED ON INFORMATION AND BELIEF

Bender's claim against PAE is clearly based on information and belief. "[S]tandards for pleadings on information and belief must be construed consistent with the purposes of Rule 9(b), which attempts in part to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." *Kowal*, 16 F.3d at 1279 n.3 (internal quotation and citation omitted). "This Court has frowned on the use of 'information and belief' pleading, because such tactics are generally employed to mask fishing expeditions." *Grynberg*, 1997 U.S. Dist. LEXIS 5221, at *12. Thus, to the extent they are permissible at all in a suit under the False Claims Act, "pleadings on information and belief require an allegation that the necessary information lies within the defendant's control, and that such allegations must also be accompanied by a statement of the facts upon which the allegations are based." *Kowal*, 16 F.3d at 1279 n.3. Bender has met neither requirement here.

Bender worked as an electrician at USDA from 1990 to March 2003, during the time NATI was the contractor. Compl. ¶ 21. CTSI, for whom PAE was a subcontractor, was not awarded its contract with USDA until April 1, 2003, after NATI's contract had ended. *Id.* ¶ 25. Thus -- presumably because was no longer working at USDA when CTSI began work in 2003 or thereafter -- Bender expressly bases his allegations of fraud against CTSI on information and belief: "The Relator's information based on his investigation is that CTSI is currently engaged

9

in the same fraud against the Government" that was allegedly perpetrated by NATI. *Id.* ¶ 36. Because PAE was a subcontractor for CTSI, Bender's allegation of fraud involving PAE is also necessarily based on information and belief.

Despite basing his allegations against PAE on information and belief, Bender has failed to comply with this Circuit's clear pleading requirements for information and belief allegations. First, Bender's Complaint fails to allege that the necessary information concerning PAE's purported fraud lies peculiarly within PAE's control. Accordingly, Bender's information and belief allegations about PAE are improper for this reason alone. *See Kowal*, 16 F.3d at 1279 n.3. Bender has also presented a wholly insufficient "statement of facts" supporting his information and belief allegations against to PAE. Indeed, the only "statement" Bender furnishes is the bald assertion that "PAE Government Services, Inc. continued to use unlicensed electricians to perform the work for which licensed electricians were required under the contracts." Compl. ¶ 92. As explained in Part II, *supra*, such an allegation omits even the most basic factual information. Bender's Complaint as to PAE thus fails to clear the "daunting hurdle" this Court has erected for plaintiffs seeking to plead based on information and belief. *See Grynberg*, 1997 U.S. Dist. LEXIS 5221, at *12. Accordingly, Bender's Complaint should be dismissed as to PAE.

IV. **COUNT III SHOULD BE DISMISSED BECAUSE BENDER HAS FAILED TO ALLEGE THAT PAE KNOWINGLY CAUSED A FALSE CLAIM TO BE SUBMITTED**

Bender's Count III theory of False Claims Act liability as to PAE appears to be that by employing purportedly unlicensed workers, PAE *caused* CTSI to falsely certify to the USDA that it was in compliance with its contractual requirement to employ only properly licensed workers. But whether a relator bases his theory for False Claims Act liability on the defendant's actual submission of claims or on its actions in causing the submission of false claims, liability

10

will only attach where the defendant acted "knowingly." *See* 31 U.S.C. § 3729(a)(1). Accordingly, to survive a motion to dismiss, a relator must "state facts from which the Court can infer a knowing violation on the part of the defendants." *See Alexander*, 924 F. Supp. at 303; *see also United States ex rel. Grynberg v. Ernst & Young LLP*, 323 F. Supp. 2d, 1157-58 (D. Wyo. 2004) (dismissing *qui tam* complaint because "Relator [] failed to plead facts showing that the Auditor Defendants acted knowingly"). Not only is Bender's Complaint devoid of any *facts* upon which it could be inferred that PAE knew CTSI's contract with USDA required it to employ only licensed electricians, Bender does not even *allege* that PAE acted knowingly. As a result, Count III must be dismissed for failure to state a claim as to PAE.

Although Bender does reference a purported provision in CTSI's contract with USDA requiring it to employ only licensed electricians, *see* Compl. ¶ 89, he does not allege that this provision flowed down to PAE's subcontract with CTSI, or that PAE was in fact aware of this provision. Thus, there is nothing in Bender's Complaint upon which one could infer that PAE employed unlicensed workers in knowing contravention of, reckless disregard for, or deliberate ignorance of CTSI's worker licensing requirement. It should not be surprising then, that Bender does not even allege that PAE *knowingly* caused CTSI to falsely certify compliance to the USDA. Accordingly, Bender has failed to state a claim that PAE knowingly caused the submission of false claims in violation of 31 U.S.C. § 3729(a)(1), and thus this Count should be dismissed.

## CONCLUSION

For the foregoing reasons, PAE's Motion to Dismiss Bender's Complaint should be granted.

Dated: May 15, 2008

                                                /s/ James A. Bensfield
James A. Bensfield (D.C. Bar No. 189084)
Mary Lou Soller (D.C. Bar No. 246231)
655 Fifteenth Street, N.W.
Suite 900
Washington, DC 20005-5701
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: jbensfield@milchev.com

**Attorneys for PAE Government Services, Inc.**