```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, ex rel.    :
    ROBERT KEITH BENDER, et al.      :
                                     :
         Plaintiff                   :
                                     :     Case No. 1:06CV01432
    v.                               :
                                     :     Judge: Gladys Kessler
NORTH AMERICAN TELECOMMUNI-          :
    CATIONS, INC., et al.            :
                                     :
         Defendants.                 :
```

**OPPOSITION TO MOTION OF NORTH AMERICAN TELECOMMUNICATIONS, INC., CHANG D. HWANG, JOHN G. CAROTHERS, CAPITOL TECHNOLOGY SERVICES, INC., HEYS S. HWANG AND JAMES W. RUEST TO DISMISS THE COMPLAINT**

Plaintiff Keith Bender, by his attorney, respectfully opposes the motion of North American Telecommunications, Inc., Chang D. Hwang, John G. Carothers, Capitol Technology Services, Inc., Heys S. Hwang and James W. Ruest to dismiss the complaint as to him, and states as grounds therefore that Plaintiff has stated a claim upon which relief can be granted under the False Claims Act, as well as with particularity the circumstances constituting fraud on the part of these defendants as required by Rule 9(b), F.R.Civ.P.  In the alternative, if the Court determines that the Complaint, all or in part, has failed to state a claim with respect to these defendants, or fails to comply with Rule 9(b), the Plaintiff requests that leave be granted to amend the Complaint within 60 days from the date of such dismissal.

The attention of the Court is invited to the accompanying Memorandum of points and authorities in support of Plaintiff's opposition.

                               /s/ *Tarrant H. Lomax*
                               Tarrant H. Lomax (DC Bar No. 961409)
                               Tarrant H. Lomax, Esq., P.C.
                               940 Bay Ridge Avenue
                               Annapolis, MD 21403
                               Phone: 410.267.6151
                               Fax: 410.263.6785
                               Email: lomaxlaw@comcast.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* : <br>     ROBERT KEITH BENDER, *et al.* : <br>                           : <br>        **Plaintiff**          : <br>                           : <br>     v.                        : <br>                           : <br> **NORTH AMERICAN TELECOMMUNI-**  : <br>     **CATIONS, INC.,** *et al.*     : <br>                           : <br>        **Defendants.**      : | Case No. 1:06CV01432 <br><br> Judge: Gladys Kessler |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF NORTH AMERICAN TELECOMMUNICATIONS, INC., CHANG D. HWANG, JOHN G. CAROTHERS, CAPITOL TECHNOLOGY SERVICES, INC., HEYS S. HWANG AND JAMES W. RUEST TO DISMISS THE COMPLAINT**

Plaintiff filed this action under seal on August 14, 2006, pursuant to the False Claims Act, 31 U.S.C. §3729 (FCA), alleging that the various Defendants committed various acts or omissions which constituted a violation of the FCA. The matter was unsealed in part on September 27, 2007. Defendants North American Telecommunications, Inc., Chang D. Hwang, John G. Carothers, Capitol Technology Services, Inc., Heys S. Hwang and James W. Ruest have moved to dismiss the action on three stated grounds:

1.  That the Complaint fails to state a claim against these defendants.[1]

2.  That the Complaint fails to allege fraud with the particularity required under Rule 9(b).

---

[1] Defendant PAE Government Services, Inc. has filed a separate motion to dismiss.

1

      3.    That the claims set forth in the Complaint are time-barred in part.

## FACTUAL BACKGROUND

North American Telecommunications, Inc. (NATI) was the contractor for operations and maintenance at buildings or facilities of the United States Department of Agriculture (USDA) from October 1, 1997 to March 31, 2003 (Complaint, 9 and 23). The president of NATI is Chang D. Hwang (Chang) (Complaint, 23), John G. Carothers (Carothers) was the Operations Coordinator for NATI (Complaint, 24) at USDA, and James W. Ruest (Ruest) was a project manager for NATI (Complaint, 27) at USDA.

Capitol Technology Services, Inc. (CTSI) was the contractor for operations and maintenance at buildings or facilities of the USDA beginning April 1, 2003 (Complaint, 25). The president of CTSI is Heys S. Hwang (Heys) (Complaint, 26) and also the daughter of Chang Hwang. Carothers and Ruest both were employed by CTSI (Complaint, 24, 27).

Co-defendant PAE Government Services, Inc. (PAE) was a subcontractor to CTSI for the performance of electrical work under CTSI's contract with the USDA (Complaint, 28).

The gravamen of the complaint is that the Defendants jointly or severally:

    1.    Submitted claims to the government for payment of bonuses for work based upon falsely stated response times (Count I).

    2.    Misrepresented certain services to be reimbursable in order to obtain payment from the government (Count II).

    3.    Certified that it utilized employees to perform work under the USDA contract that were not licensed as required by that contract, in order to obtain payment from the government (Count III).

    4.    Submitted fraudulent bills to the Government for payment for overtime work (Count IV).

    5.    Submitted fraudulent bills to the government for payment for hours of work which were not performed (Count V).

Specific allegations relating to each count, and based upon the personal knowledge of, or information available to, the Plaintiff, an original source, are set forth in the following respective paragraphs of the Complaint[2]:

    Count I    Falsified response time bonuses - Paragraphs 44 - 64.

    Count II    Falsified minor repair work orders - Paragraphs 65-84.

    Count III    Falsified electrician qualifications - Paragraphs 85-94.

    Count IV    Fraudulent billing for overtime - Paragraphs 95-127.

    Count V    Fraudulent billing for work not performed - Paragraphs 128-141.

Damages are sought from each defendant under each count.

## ARGUMENT

When evaluating a motion to dismiss at this stage of the proceedings, the Court is required to view the complaint in the light most favorable to the plaintiff, <u>Hicks v. Lewis</u>, 901 F.Supp 1567 (M.D.Fla., 1995), to take all material allegations of the complaint as true and liberally construe them in favor of the

---

[2]    Each specific Count of the Complaint re-alleges the previous allegations.

Plaintiff, <u>Bensch v. Metropolitan Dade County</u>, 855 F.Supp. 351 (S.D.Fla. 1994), and to draw all reasonable assumptions in favor of the non-moving party, <u>Scotece v. Prudential Ins. Co. of America</u>, 322 F.Supp 680 (E.D. Va. 2004). The court is not to weigh the evidence which might be presented at trial, <u>Duncan v. Santaniello</u>, 900 F.Supp 547 (D. Mass. 1995), but rather simply to determine whether the plaintiff has the legal right to seek relief based on the allegations of the complaint. <u>Henschke v. New York Hospital-Cornell Medical Center</u>, 821 F.Supp. 166 (S.D.N.Y. 1993). Material allegations of the complaint must be accepted as true and dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Schwartzman, Inc. V. Atchison, Topeka & Santa Fe Ry. Co.</u>, 842 F.Supp. 475 (D.N.M. 1993). See, also, <u>U.S. ex rel Williams v. Martin-Baker Aircraft Co., Ltd.</u>, 363 U.S.App.D.C., 389 F.3d 1251 (2004).

Granting a motion to dismiss a complaint at this stage is a "drastic remedy" and viewed with disfavor. <u>Acoustica Associates, Inc. V. Powertron Ultrasonics Corp.</u>, 28 F.R.D. 16 (E.D.N.Y. 1961). "A complaint is not subject to dismissal unless it appears to a <u>certainty</u> that the plaintiff <u>cannot possibly</u> be entitled to relief <u>under any set of facts</u> which could be proved in support of its allegations." <u>Seymour v. Union News Co.</u>, 217 F.2d 168 (7th Cir.1954). Emphasis added.

4

The FCA provides for liability of a defendant *inter alia* if the defendant

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
>
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

Rule 9(b) in turn requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In the instant case, the allegations of the Complaint as to PAE meet the requirements of both the FCA and Rule 9.

The allegations of the Complaint include the following minimum, pertinent allegations applicable to all of the defendants[3].

> 3. Plaintiff is the original source of all of the allegations in this complaint.
>
> 4. Plaintiff has direct and independent knowledge of the allegations in this complaint specifically with regard to the allegations arising from the contracts held by the [sic] North American Telecommunications, Inc. ("NATI").
>
> 31. Bender personally witnessed . . . . NATI knowingly, willfully, and recklessly submitt[ing] false claims for reimbursement by falsely reporting work completed, falsely reporting the time it took . . . to perform work and respond to requests for maintenance, fraudulently billing for overtime, and fraudulently charging the government for work performed by unqualified workers.

---

[3] Count I of the Complaint begins with Paragraph 142.

36. [Bender's] information based upon his investigation is that CTSI is currently [August, 2006] engaged iun the same fraud against the Government.

37. The fraudulent practices [of NATI] remain in effect at CTSI . . . .

39. [Bender] is the original source of the information pursuant to [the FCA].

40. [As an original source Bender has] "direct and independent knowledge of the information on which the allegations are based" and [has] "voluntarily provided the information to the Government before filing an action".

41. [Bender] . . . personally witnessed the routine and systematic violations of the [FCA].

45. NATI elicited additional funds beyond those specified in the [contract] by fraudulently claiming monthly bonuses.

63. NATI charged the Government a total of $909,271.44 by fraudulently claiming entitlement to bonuses [for response times] which it did not earn.

64. [Bender's] information is that this practice [fraudulent bonuses for response times] continues under CTSI, which employs the same managers to perform work at the same site and earns bonuses for completion time in a similar [fraudulent] fashion.

92. Under CTSI's contract the electrical work was performed by a subcontractor [PAE] . . . . [PAE] continued to use unlicensed electricians to perform the work for which licensed electricians were required under the [USDA] contracts.

96. NATI and CTSI fraudulently billed the Government for overtime for work that the [USDA] contracts specifically excluded from overtime.

126. [Bender's] information is that this practice [fraudulent overtime billing] . . . continues under the CTSI contract.

143. The defendants knowingly, willfully and recklessly claimed bonuses under the USDA contracts . . . based on response times and completion time . . . .

144. The defendants claimed to earn such bonuses based upon falsely stated response times . . . .

145. [The defendants] knowingly altered the record of the response times.

149. The defendants knowingly, willfully and recklessly misrepresented non-reimbursable . . . services . . . to be reimbursable.

152. [The defendants] knowingly altered the size of the repairs required.

156. Both NATI and CTSI charged the Government for work performed by workers who did not possess the qualifications required by contract.

158. All the work conducted by electrical workers . . . who were not properly licensed . . . has been falsely certified . . . .

163. The Defendants . . . engaged in a scheme to charge the government for overtime by making false claims including falsifying payroll records, providing workers with Compensation Time which is also prohibited on the record, and simply charging for overtime when overtime was not allowed under their contracts.

168. The defendants knowingly, willfully and recklessly did not perform thousands of hours for specific maintenance work required under the contract [for which a claim for payment was made].

A. The claims alleged are false claims

Defendants NATI, *et al.* argue that the allegations of the complaint do not set out a false or fraudulent claim and therefore must be dismissed. Plaintiff disagrees.

The FCA *inter alia* places liability upon a person who 1) presents or causes to be presented, a false or fraudulent claim for payment, 2) uses a false record or statement to get a false or fraudulent claim paid or approved, or 3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid. As summarized above, and as more fully set forth in the

7

171 separately-numbered paragraphs, the Complaint is replete with allegations of facts that fall within the ambit of the FCA.

As set forth in those allegations, Chang, Carothers, Heys and/or Ruest were the principals or primary project executives of NATI and/or CTSI. The Complaint alleges, on the basis of Bender's "direct and independent knowledge" and his having "personally witnessed the fraud and abuse conducted by the defendants", that all of the defendants, among numerous other violations:

- knowingly, willfully, and recklessly submitted false claims for reimbursement.

- elicited additional funds beyond those specified in the [contract] by fraudulently claiming monthly bonuses.

- knowingly, willfully and recklessly claimed bonuses under the USDA contracts based on false response times and false completion times.

- knowingly, willfully and recklessly misrepresented non-reimbursable services to be reimbursable.

- falsely certified the work conducted by electrical workers who were not properly licensed.

- engaged in a scheme to charge the government for overtime by making false claims including falsifying payroll records.

- knowingly, willfully and recklessly did not perform thousands of hours for specific maintenance work required under the contract [for which a claim for payment was made].

Defendants attempt to gloss over these serious allegations as a mere breach of contract. However, at least at this stage of the proceedings, those allegations must be accepted for what they state - that the Defendants have 1) knowingly presented or caused to be presented, a false or fraudulent claim, 2) have knowingly

8

made, used or caused to be used, a false record or statement to get a false or fraudulent claims paid or approved, and/or 3) conspired to defraud the government by getting a false or fraudulent claim allowed or paid.

    B.   <u>Particularity of the allegations</u>

Defendants submit that the allegations of fraud are not sufficiently particular under Rule 9(b), F.R.Civ.P.  Again, Plaintiff disagrees.

Rule 9(b) simply states that allegations of fraud must state with particularity the <u>circumstances</u> constituting the fraud; it does not require a minute-by-minute recitation of facts surrounding those circumstances.  Rather, allegations of the circumstances will provide a defendant with sufficient notice upon which to base its answer or other defense.

Defendants rely upon <u>U.S. ex rel Williams v. Martin-Baker Aircraft Co., Ltd.</u>, 363 U.S.App.D.C., 389 F.3d 1251 (2004) in support of its motion to dismiss for failure to comply with Rule 9(b).  In that case the Court upheld the dismissal of the FCA counts due to lack of particularity as to time (no start date, nebulous), individuals (laundry list of names), and the purported fraudulent scheme.  <u>Williams</u>, <u>supra</u>, 389 F.2d, at 1258, U.S.App.D.C., at 426.  In the instant case, like the plaintiff in <u>United States ex rel Harris v. Bernad</u>, 275 F.Supp.2d 1, 8-9 (D.D.C. 2003), Plaintiff has alleged specific times and names, and set forth five separate fraudulent schemes.

Turning again to the Complaint as presented, the circumstances surrounding the Defendants' false claims are abundantly clear. Put simply, Bender recites, as an original source, that NATI and CTSI entered into contracts with USDA, that those defendants, acting through their named respective employees or principals, engaged in the submission of (or caused to be submitted) claims for payment under those contracts, submitted (or caused to be submitted) false records or statements to get a false or fraudulent claim paid or approved under those contracts, and/or conspired to defraud the Government by getting a false or fraudulent claim allowed or paid. Bender further alleged the specific spans of time of the two contracts - October 1, 1997, to March 31, 2003, and April 1, 2003, to the date of filing of the Complaint. The Complaint alleges that the FCA violations took place during the time of the two contracts.

Lastly, the Williams court noted that

> "[i]t is certainly true that qui tam plaintiffs, frequently former employees of the parties they sue, often have difficulty getting access to their former employers' documents. Accordingly, this circuit provides an avenue for plaintiffs unable to meet the particularity standard because defendants control the relevant documents-plaintiffs in such straits may allege lack of access in their complaint. Kowal, 16 F3d at 1279 n.3. Neither in his complaint nor before the district court did Williams make any such allegations.

Williams, supra, 389 F.2d, at 1258, U.S.App.D.C., at 426. Plaintiff concedes that he did not make that allegation in the Complaint but asserts that argument here. Plaintiff has alleged that he was an electrician; he was not a corporate executive or

even a manager that would have had access at the complaint stage to specific documents to support his FCA claims such as contract payment requisitions, certified payrolls, and similar documents. If this matter is dismissed with leave to amend, Plaintiff certainly would include that allegation at the outset.

    C.   Claims arising after August 14, 2000, are not time-barred.

Defendants agree that the applicable statute of limitations is 6 years. 31 U.S.C. §3731 ("A civil action under section 3730 may not be brought . . . more than six years after the date on which the violation of section 3730 is committed.") In the instant case Bender initially disclosed violations to the Government in the Fall, 1999. However, as set forth in the Complaint, the violations by NATI continued after the disclosure to the Government, and certainly violations by CTSI and PAE did not occur until on or after April 1, 2003.

Courts have consistently held that the 6-year limitation begins to run from the time of the filing or submission of each false claim. Smith v. United States, 287 F.2d 299 (5th Cir. 1961). In the case of recurring or multiple false claims, the 6-year statute begins to run on the date each such claim is made, or, if the claim is paid, on the date of payment. U.S. ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148 (2nd Cir. 1993), cert. den. 508 U.S. 973. Accordingly, violations by NATI, CTSI, PAE or the individual defendants occurring after August 18, 2000, are not time-barred by the applicable 6-year statute of limitations.

11

## **CONCLUSION**

For the foregoing reasons, the motion of North American Telecommunications, Inc., *et al.*, to dismiss the Complaint must be denied.  In the alternative, if the Court does dismiss the Complaint, or any count thereof, such dismissal should be with leave to amend within 60 days.


　　　　　　　　　　　　　　　　　  */s/ Tarrant H. Lomax*
　　　　　　　　　　　　　　　　　Tarrant H. Lomax (DC Bar No. 961409)
　　　　　　　　　　　　　　　　　Tarrant H. Lomax, Esq., P.C.
　　　　　　　　　　　　　　　　　940 Bay Ridge Avenue
　　　　　　　　　　　　　　　　　Annapolis, MD 21403
　　　　　　　　　　　　　　　　　Phone: 410.267.6151
　　　　　　　　　　　　　　　　　Fax: 410.263.6785
　　　　　　　　　　　　　　　　　Email: lomaxlaw@comcast.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2008, I transmitted a copy of foregoing pleading by first class mail, postage prepaid, and/or electronic service, as appropriate, to the following:

>United States Attorney
>Judiciary Center Building
>555 Fourth Street, NW
>Washington, DC 20530
>
>Attorney General of the United States
>United States Department of Justice
>Tenth Street and Constitution Avenue, NW
>Washington, DC 20530
>
>David U. Fierst, Esq.
>Stein, Mitchell & Mezines
>1100 Connecticut Avenue, NW, Suite 1100
>Washington, DC 20036
>
>James A. Bensfield, Esq.
>Mary Lou Soller, Esq.
>655 Fifteenth Street, NW, Suite 900
>Washington, DC 20005-5701



/s/ *Tarrant H. Lomax*
Tarrant H. Lomax

C:\Documents and Settings\Tarrant Lomax\Desktop\THL PC\Client Files\Bender, Keith\Dismiss - NATI Opposition.wpd