UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. ROBERT KEITH BENDER<br><br>       Plaintiff,<br>v.<br><br>NORTH AMERICAN<br>TELECOMMUNICATIONS INC.,<br>et al.<br><br>       Defendants. | Case No. 1:06cv01432 (GK) |

**DEFENDANT PAE GOVERNMENT SERVICES INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant PAE Government Services Inc. ("PAE") respectfully submits the following Reply in Support of its Motion to Dismiss Plaintiff/Relator Robert Bender's ("Bender") Complaint. Because Bender's Opposition to PAE's Motion to Dismiss does nothing more than restate the insufficient allegations contained in his Complaint, PAE's Motion should be granted.

PAE asserted four primary arguments why Bender's Complaint should be dismissed as to PAE: First, Counts I, II, IV, and V do not even mention PAE, let alone offer specific facts that would support a False Claims Act ("FCA") violation. Accordingly, these counts should be dismissed as to PAE for failure to comply with Rule 9(b). Second, Count III -- which mentions PAE in precisely two sentences -- is devoid of basic factual information concerning PAE's purported involvement in the alleged fraud, and thus should also be dismissed pursuant to Rule 9(b). Third, despite basing his allegations on information and belief, Bender failed to plead that the information necessary for his claim lies within PAE's control, as required by this Circuit for

such information and belief pleadings. Finally, Bender's Complaint does not even <u>allege</u> that PAE knowingly caused the prime contractor, Capitol Technology Services, Inc. ("CTSI"), to submit false claims to the government, let alone offer any facts to support such a conclusion. Bender's Opposition fails to rebut a single one of these grounds for dismissal. Accordingly, PAE's Motion to Dismiss should be granted.

## I. BENDER MISCHARACTERIZES THE STANDARD OF REVIEW

As an initial matter, Bender's Opposition mischaracterizes the standard of review on a motion to dismiss. Relying on a hodge-podge of cases spanning a half century and drawn from a multitude of jurisdictions, Bender ultimately asserts that "'[a] complaint is not subject to dismissal unless it appears to a <u>certainty</u> that the plaintiffs <u>cannot possibly</u> be entitled to relief <u>under any set of facts</u> which could be proved in support of its allegations.'" Pl.'s Opp. at 4-5 (citing *Seymour v. Union News Co.*, 217 F.2d 168 (7th Cir. 1954) (emphasis in original). This standard, however -- a variation on the "no set of facts" standard articulated by the Supreme Court in *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957) -- has been explicitly repudiated by the Supreme Court:

> We could go on, but there is no need to pile up further citations to show that *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard. . . ."

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

The Court rejected this standard, in part, because under a "literal reading of Conley's 'no set of facts,' a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 1968. It is not surprising, then, that Bender is

invoking this now-obsolete standard for the express purpose of arguing that the "wholly conclusory statements" in his Complaint should survive a motion to dismiss. They should not.

## II.   BENDER'S OPPOSITION DOES NOT POINT TO ANY FACTS IN THE COMPLAINT THAT WOULD SATISFY RULE 9(B)

Bender's response to PAE's argument that his Complaint fails to plead fraud with the particularity demanded by Rule 9(b) is to restate, verbatim, the same conclusory assertions in his Complaint, claim that he is a so-called "original source," and then declare, without reference to any authority, that his Complaint is therefore sufficiently plead. What Bender does not do is point to any facts in the Complaint that would satisfy Rule 9(b).

For example, to counter PAE's argument that Counts I, II, IV, and V do not so much as mention PAE, let alone provide specific facts relating to PAE's involvement in the purported fraud, Bender points out that his Complaint alleges that all of the defendants committed the alleged fraud at issue in each of these counts. *See* Pl.'s Opp. at 8-9. In the first place, as PAE noted in its Motion, this Court has squarely rejected such a "shotgun approach" to litigation that fails to "identif[y] which defendants engaged in which practices," *United States of America ex rel. Grynberg v. Alaska Pipeline Co.*, Civ. No. 95-725 (TFH), 1997 U.S. Dist. LEXIS 5221, at *13-14 (D.D.C. Mar. 27, 1997). Bender ignores this authority and provides no argument to the contrary. His recitation of the same conclusory assertions of group fraud contained in his Complaint is not a substitute for pointing to specific facts relating to PAE's involvement, as is required by Rule 9(b). Bender provides no such facts.[1]

Bender takes a similar tack with respect to Count III, as he again merely re-states, verbatim, the same vague accusations from his Complaint. *See* Pl.'s Opp. at 9-10 (*e.g.,* "[PAE].

---

[1] Indeed, Bender's request that this Court allow him *two months* to amend his Complaint, in the event this Court deems it inadequate, further underscores its flimsy factual basis. *See* Pl.'s Opp. at 7.

. . continued to use unlicensed electricians to perform the work for which licensed electricians were required under the [USDA] contracts."). Again, Bender fails to point to any actual facts. Although he claims that the time period for the fraud is the entire period of CTSI's contract with the USDA -- during which time Bender did not even work at the USDA -- such a broad multi-year period is not sufficiently specific to satisfy Rule 9(b). *See United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256-57 (D.C. Cir. 2004). In any event, Bender provides none of the other facts required by 9(b). Who at PAE was involved in the purported fraud? Who were the unlicensed electricians that PAE employed? What licenses did they lack? What did the invoices represent? On these questions Bender's Opposition, like his Complaint, is silent.

    Bender appears to believe that by declaring himself an "original source" of the vague, conclusory allegations contained in his Complaint, he is somehow exempted from pleading these facts. But the term "original source" is relevant only to the FCA's public disclosure bar, which prohibits *qui tam* suits based on publicly disclosed information unless the relator is an "original source" of that information (*see* 31 U.S.C. § 3730(e)(4)), a set of concerns not presently implicated in this case. It is irrelevant for purposes of pleading fraud in accordance with Rule 9(b), which is concerned only with the sufficiency of the alleged facts -- regardless of the source from which they originated. Indeed, if Bender's novel tactic were permitted, a relator could level any accusation -- no matter how outrageous and devoid of factual support -- and yet survive a motion to dismiss merely by alleging himself to be an "original source." Accordingly, Bender's attempt to avoid Rule 9(b)'s rigid requirements should be rejected.

### III. BENDER'S ALLEGATION THAT THE NECESSARY INFORMATION FOR HIS CLAIMS LIES WITHIN PAE'S CONTROL CONTRADICTS HIS PURPORTED "ORIGINAL SOURCE" STATUS

PAE also argued that Bender's Complaint should be dismissed because, despite basing his allegations on information and belief, Bender failed to plead that the information necessary for his claim lies within PAE's control, as required by this Circuit for such information and belief pleadings. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994). In his Opposition, Bender now alleges that the necessary information is within PAE's control. *See* Pl.'s Opp. at 12. While the decision whether to permit Bender to amend his Complaint is of course within this Court's discretion, PAE notes that Bender's new allegation directly contradicts his self-described "original source" status. As discussed previously, although Bender's purported status as an "original source" -- which he repeatedly and insistently invokes -- is irrelevant for purposes of pleading fraud with particularity, it would seem to imply that as an original source of the information underlying his Complaint, Bender has that information.

### IV. BENDER STILL HAS NOT POINTED TO ANY FACTS UPON WHICH TO INFER THAT PAE *KNOWINGLY* CAUSED CTSI TO SUBMIT FALSE CLAIMS

In Count III of his Complaint, Bender purports to hold PAE liable for "directly or indirectly *causing* the United States to be billed for work that was supposed to be conducted by appropriately licensed personnel which was in fact not conducted by licensed personnel." Compl. ¶ 159 (emphasis added). As PAE noted in its Motion, even where, as here, a relator alleges that a subcontractor caused a prime contractor to submit a false claim, liability only attaches if the defendant acted *knowingly*. *See* 31 U.S.C. § 3729(a)(1). For PAE to have acted knowingly -- assuming, *arguendo*, that it actually employed unlicensed workers -- either CTSI's licensed-worker requirement would have had to have flowed down to PAE's contract, or PAE would have had to have been aware of CTSI's licensing requirement. Not only are there no facts

5

in the Complaint that would support either scenario for a knowing violation, Bender does not even allege that PAE acted knowingly.

In his Opposition, Bender confuses the issue. Bender does not attempt to argue that PAE acted knowingly. Instead, he erroneously asserts that "[i]n the case of a subcontractor, [the FCA] does not require that the subcontractor caused the general contractor to submit a false claim." Pl.'s Opp. at 13. To the contrary, that is precisely what the FCA requires, and indeed, that is precisely the theory of FCA liability upon which Bender appears to rely in his Complaint. In any event, because Bender has failed to rebut PAE's argument that the Complaint does not "state facts from which the Court can infer a knowing violation on the part of the defendants," *United States ex rel. Alexander v. Dyncorp., Inc.*, 924 F. Supp. 292, 303 (D.D.C. 1996), the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, PAE's Motion to Dismiss Bender's Complaint should be granted.

Dated: June 26, 2008                                              Respectfully Submitted,


By:    _____/s/_____
James A. Bensfield (#189084)
Mary Lou Soller (#246231)
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
Email: jbensfield@milchev.com


Attorneys for PAE Government Services, Inc.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, on this 26th day of June, 2008, a copy of the foregoing was served by mail to:

>Tarrant H. Lomax
>Tarrant H. Lomax, Esq., P.C.
>940 Bay Ridge Avenue
>Annapolis, MD 21403
>(410) 267-6151

>         /s/
>James A. Bensfield (#189084)
>Mary Lou Soller (#246231)
>655 Fifteenth Street, N.W., Suite 900
>Washington, DC 20005-5701
>Telephone: (202) 626-5800
>Facsimile: (202) 626-5801
>Email: jbensfield@milchev.com
>
>Attorneys for PAE Government Services, Inc.