**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,      )
  EX REL.,      )
          )
ROBERT KEITH BENDER,      )
          )
    Plaintiff,      )
          )
    v.      )      **Civ. No. 06-01432 (GK)**
          )
NORTH AMERICAN      )
  TELECOMMUNICATIONS, INC.,      )
  et al.,      )
          )
    Defendants.      )
_____)

**REPLY OF DEFENDANTS NORTH AMERICAN TELECOMMUNICATIONS, INC.,
CHANG D. HWANG, JOHN G. CAROTHERS, CAPITOL TECHNOLOGY
SERVICES, INC., HEYS S. HWANG, AND JAMES W. RUEST TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendants' primary argument in the motion to dismiss is that the Complaint fails
to allege specific false claims as required by the False Claims Act (FCA), but instead
vaguely alleges misconduct that is beyond the scope of the FCA.  The Complaint
disguises its failure to allege specific false claims by reciting labels and conclusory
assertions of false claims.  The law requires specific allegations, not labels.  Plaintiff's
opposition to the motion fails to address the arguments made in the motion in any
meaningful way.  Instead, the opposition merely repeats the conclusory labels in the
Complaint.  More is required.

We will address plaintiff's arguments, and demonstrate that they fail to provide
any valid reason to deny the motion to dismiss.

## I.  The Standard of Review

Plaintiff begins by citing many cases over a 50 year period holding that a case should not be dismissed for failure to state a claim unless it appears to a certainty that there is no set of facts that the plaintiff could prove to support an entitlement to relief. Opposition at 3-4.  The plaintiff fails to cite *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1969 (2007).  In that decision, the Court held that after 50 years of sowing confusion, the "no set of facts" standard for motions to dismiss "has earned its retirement."  Instead, a plaintiff must allege the factual basis for the cause of action, not mere conclusory labels.  Plaintiff fails to meet that standard.

The standard articulated in *Twombly* applies in the normal application of F.R.Civ.P. 8.  Plaintiff does not meet that standard.  Further, as we demonstrated in our opening memorandum, and as plaintiff does not dispute, a higher standard is applied in FCA cases because they are governed by F.R.Civ.P. 9(b).  In FCA cases, the plaintiff must allege specific facts that show the false claim with specificity.  Plaintiff does not meet that standard either.

## II.  The Complaint Fails to Allege False Claims

We pointed out in our opening memorandum that the Complaint does not allege false claims in Counts III, IV and V.  Plaintiff responds to this argument by misstating the Complaint allegations, and then making some unsupported conclusory assertions of false claims that find no support in the Complaint.

On page 3, plaintiff asserts that Count III alleges in paragraphs 85-94 that defendants "falsified electrician qualifications."  But that assertion does not reflect the Complaint, which contains no such allegation.  The only reference to paragraphs 85-94

of the Complaint in plaintiff's opposition is on page 6 where he quotes paragraph 92. That alleges that unlicensed electricians were used, but does not allege that the qualifications were falsified.  Because it does not allege a false claim, the Complaint fails to state a claim on which relief can be granted under the FCA.

Plaintiff asserts at page 3 that Count IV alleges fraudulent billing for overtime. The Complaint includes a conclusory label of fraudulent billing, but, as we pointed out, there is no allegation of any facts that could constitute fraudulent billing of overtime. The factual allegations suggest either that overtime was truthfully billed, or that workers were given compensatory time instead of paid overtime.  Plaintiff ignores this.  Again, without alleging a false claim, the Complaint fails to state a valid claim.

In our opening memorandum, we pointed out that the allegations in Count V are that the defendants failed to perform required services, but nowhere is there an allegation that defendants made a false statement in connection with the allegedly unperformed services.  Plaintiff's opposition does not identify any allegation of false representation.  In fact, while asserting at page 3 that Count V encompasses paragraphs 128-141, at page 6 plaintiff does not quote any of those paragraphs.

Counts III, IV and V therefore fail to state a claim on which relief can be granted, and they should be dismissed.

### III.  No Allegations Are Made About Some Defendants

Plaintiff ignores the argument we made at pages 7-9, that the Complaint is devoid of allegations of false claims by defendants other than North American Telecommunications, Inc. ("NATI").  Neither the Complaint nor plaintiff's opposition identifies false claims made by any defendant other than NATI.  (The allegations as to

NATI are insufficient for reasons addressed elsewhere.)  Where there is no allegation of

a false claim by a specific defendant, the Complaint must be dismissed as to that

defendant.

## IV.  The Complaint Fails to Allege Fraud With Particularity

Plaintiff does not dispute that claims under the FCA are governed by F.R.Civ.P.

9(b), and must allege with particularity "the circumstances constituting fraud."  Instead of

disputing this, plaintiff sets up a straw man, and argues he need not give a "minute-by-

minute" recitation of facts.  He ignores the essence of the requirement.  He must allege

what statements were made, whether they were made in documents or orally, the time

and place of each such statement, the person responsible for making it, the content of

each false such statement, the manner in which the statements misled the Government,

and what the defendants obtained as a consequence of the false claim.  Defendants'

Memorandum at 10-11.  Plaintiff does not deny any of these requirements.  But he does

not provide any of the required information.

The failure to meet the required standard is evident from the single actual

reference to the Complaint in this section of plaintiff's opposition.  Plaintiff contends that

it is enough to allege that the false claims took place from October 1, 1997 to the date of

filing the Complaint (August 14, 2006).  No court allows an undifferentiated reference to

a 9 year period to satisfy the requirement that the time of the false claim be alleged.

That is especially inadequate here because plaintiff concedes that limitations bars

recovery for false claims before August 14, 2000.  Opposition at 11.  Consequently, a

broad allegation of false claims in a 9 year time frame, 3 years of which are concededly

barred by limitations, is clearly inadequate.  Further, the time of the statement, even

were a reference to a 9 year window adequate, is only one of the specifics that must be provided. Plaintiff makes no effort to provide the rest.

Plaintiff asserts, again in conclusory fashion, that he is unable to state the claims with particularity because he did not have access to the necessary evidence. That is inconsistent with, for example, paragraphs 4 and 31 of the Complaint which plaintiff quotes at page 5. Those paragraphs allege that plaintiff had "direct" knowledge of and "personally witnessed" the false claims. See also Complaint paragraphs 36 (plaintiff investigated the false claims), 40 ("direct knowledge"), 41 ("personally witnessed"), 64 (plaintiff has "information"), 126 (plaintiff has "information"). Having explicitly alleged that he has direct, personal information of the false claims, plaintiff cannot hide behind a conclusory assertion that he lacks information.

Even plaintiff's plea to amend the Complaint to allege that he lacks information fails to solve the problem. The specific allegations he must make are set forth in *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1279, n.3 (D.C.Cir. 1994). Having already alleged that he personally witnessed the false claims, he cannot truthfully allege that the necessary information is solely in defendants' control.[1]

## V. The Complaint is Barred By Limitations

Plaintiff concedes that all of his allegations that predate August 14, 2000 are barred by limitations. Opposition at 11. Given plaintiff's failure to allege the date on which any false claim was made, it is impossible for the defendants or the Court to

---

[1]    It is also significant that plaintiff initiated a complaint with the USDA Office of Inspector General (Complaint ¶6) and has provided the Department of Justice with exhibits he claims substantiate his allegations (Complaint ¶7). In light of that, an allegation that plaintiff lacks information necessary to support his allegations would raise serious concerns about the good faith of the Complaint.

differentiate between barred and live claims, if any.  The Complaint should be dismissed for this reason also.

## <u>CONCLUSION</u>

For the reasons stated herein and in our opening memorandum, defendants North American Telecommunications, Inc., Chang D. Hwang, John G. Carothers, Capitol Technology Services, Inc., Heys S. Hwang, and James W. Ruest respectfully request that the Complaint be dismissed.

Respectfully submitted,

/s/ David U. Fierst
David U. Fierst - #912899
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
W:     (202) 737-7777
Fax:    (202) 296-8312
Email: dfierst@steinmitchell.com
*Attorney for North American Telecommunications, Inc., Chang D. Hwang, John G. Carothers, Capitol Technology Services, Inc., Heys S. Hwang, James Ruest .*