```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        :
                                 :
     ex. rel.                    :
                                 :
ROBERT KEITH BENDER,             :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    Civil Action No. 06-1432 (GK)
                                 :
NORTH AMERICAN TELECOMMUNI-      :
     CATIONS, INC., et al.       :
                                 :
     Defendants.                 :
```

## MEMORANDUM OPINION

Plaintiff-Relator Robert Bender brings this qui tam suit under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., on behalf of the United States against seven Defendants. This matter is before the Court on Defendants' Motions to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. Nos. 31-32], and Plaintiff's Request for Leave to Amend the Complaint.

Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons set forth below, the Motion to Dismiss of Defendant North American Telecommunications, Inc. ("NATI") is **granted** and the Motion to Dismiss of Defendant PAE Government Services, Inc. is **granted**. Plaintiff's Request for Leave to Amend the Complaint is **granted**.

**I.   BACKGROUND**[1]

Plaintiff is an electrician who was formerly employed by NATI. From October 1, 1997, to March 31, 2003, NATI had an Operations and Maintenance contract with the United States Department of Agriculture ("USDA") to maintain four USDA buildings in Washington, D.C. As such, it was responsible for day-to-day maintenance of the buildings. Defendant Capitol Technology Services, Inc. ("CTSI") took over the contract on April 1, 2003. Defendant PAE Government Services, Inc. ("PAE") is a subcontractor of CTSI and performed electrical work on the buildings. Plaintiff was never employed by either CTSI or PAE. The other four defendants are officers or employees of NATI and CTSI: Chang D. Hwang, President of NATI; John G. Carothers, former Operations Coordinator for NATI and CTSI; Heys S. Hwang, President of CTSI; and James W. Ruest, project Manager at CTSI.

The Complaint alleges five violations of the FCA. Count I alleges that NATI and CTSI falsified response times to service calls in order to claim monthly bonuses. Count II alleges that NATI and CTSI misrepresented non-reimbursable repairs as reimbursable requests. Count III alleges that NATI, CTSI, and PAE charged the

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from the Complaint.

USDA for work performed by employees who did not possess the qualifications required by the governing contract. Count IV alleges that NATI and CTSI billed the USDA for overtime work that their contracts excluded from overtime status. Count V alleges that NATI and CTSI misrepresented the amount of work they performed.

On August 14, 2006, Plaintiff filed his Complaint [Dkt. No. 1]. The United States filed a Notice not to intervene on September 27, 2007 [Dkt. No. 22].[2] All of the Defendants except PAE filed a joint Motion to Dismiss ("NATI Mot.") pursuant to Rule 12(b)(6) on May 14, 2008 [Dkt. No. 31]. PAE filed a separate Motion to Dismiss ("PAE Mot.") on the same date [Dkt. No. 32]. Plaintiff filed his Opposition ("Pl.'s Opp'n") to both Motions on June 12, 2008 [Dkt. Nos. 34-35]. Defendants filed their Replies ("NATI Reply" or "PAE Reply") on June 26, 2008 [Dkt. Nos. 36-37].

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v.

---

[2] The United States, pursuant to 31 U.S.C. § 3730(b)(1), requests that if either Plaintiff or Defendants move to dismiss, the Court solicit the Government's written consent before granting approval. Notice of Election to Decline Intervention, at 1 [Dkt. No. 22]. However, that provision pertains to voluntary dismissals only, and does not prevent the Court from dismissing an action for failure to state a claim. United States ex rel. Fletcher v. Fahey, 121 F.2d 28, 29 (D.C. Cir. 1941).

Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint will not suffice, however, if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) (citing Twombly, 550 U.S. at 557).[3]

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success . . . must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

To prove a violation of the FCA, a plaintiff must show either that the defendant "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1), or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a

---

[3] Plaintiff relies on the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 47 (1957). That standard has been modified by the Supreme Court in Twombly, 550 U.S. at 570. Pl.'s Opp'n at 4 [Dkt. No. 35].

false or fraudulent claim paid or approved." 31 U.S.C. 3729(a)(2).[4] A "claim" includes "any request or demand . . . for money or property" made to a recipient if the Government provides or reimburses the recipient any portion of the money requested. 31 U.S.C. § 3729(c). The knowledge requirement is satisfied if a person "has actual knowledge of the information, acts in deliberate ignorance of the truth or falsity of the information, or acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b). Finally, the Complaint must allege materiality. See United States ex rel. Ervin and Assocs., Inc. v. Hamilton Sec. Group, 370 F. Supp. 2d 18, 36 (D.D.C. 2005) ("The great weight of case law holds that the materiality of a false record or statement is an element of False Claims Act liability.").

---

[4] As part of the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617 (2009), Congress made a number of changes to the FCA. FERA includes a retroactivity clause which states that a new subsection would apply to all FCA "claims" pending as of June 7, 2008. 123 Stat. at 1625 (codified as a note following 31 U.S.C. § 3729). However, as courts that have considered this clause have noted, "claims" refers only to a defendant's request for payment, and not to pending cases. See United States v. Sci. Applications Int'l Corp., -- F. Supp. 2d -- No. CV-04-1543, 2009 WL 2929250 at * 14 (D.D.C. Sept. 14, 2009) ("Congress did not intend 'claims' . . . to mean 'cases.'"); United States ex rel. Sanders v. Allison Engine Co., -- F. Supp. 2d -- No. 95-CV-970, 2009 WL 3626773 at *4 (S.D. Ohio, Oct. 27, 2009) ("[A] plain reading of the retroactivity language reveals that the relevant change is applicable to 'claims' and not to 'cases.'").

As this Complaint was filed on August 14, 2006, there are no allegations here of any pending claims by the Defendants on June 7, 2008. Therefore, the retroactivity clause does not apply, and the prior version of the FCA (last amended in 1994) will be used throughout the remainder of this opinion.

"[B]ecause the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with Rule 9(b) [of the Federal Rules of Civil Procedure]" in order to state a claim. United States ex rel. Totten v. Bombardier Corp., 286 F.3d 542, 551-52 (D.C. Cir. 2002). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, to satisfy Rule 9(b), a FCA relator must state the time, place, and contents of the false representations, the facts misrepresented, and what was obtained or given up as a consequence of the fraud. United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir. 1981).

## III. ANALYSIS[5]

### A. PAE's Motion to Dismiss Is Granted Because Plaintiff Failed to State Claims with Sufficient Particularity and Did Not Allege a Knowing Violation of the FCA.

The Complaint alleges that "each of the above-named Defendants" is liable for all five Counts. Compl. at ¶¶ 145, 152,

---

[5] The applicable statute of limitations under the FCA is six years. 31 U.S.C. § 3731(b) ("A civil action under Section 3730 may not be brought more than six years after the date on which the violation of Section 3729 is committed."). See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 474 F. Supp. 2d 75, 89 (D.D.C. 2007) (holding that the statute of limitations applies to relators when the Government does not intervene). This Complaint was filed on August 14, 2006. The Plaintiff concedes that potential FCA violations that occurred prior to August 14, 2000, are time-barred. Pl.'s Opp'n. to NATI Mot. at 11. The Court therefore dismisses any allegations that accrued prior to August 14, 2000.

159, 164, 170.  However, it specifically mentions PAE in only two paragraphs, both of which relate to Count III.  Compl. at ¶¶ 92, 157.  For that reason, PAE argues that the remaining Counts should be dismissed, as they do not meet the requirements of Rule 9(b).

While the Complaint does make allegations against NATI and CTSI in Counts I, II, IV, and V, it is silent regarding PAE's liability for those Counts.  Consequently, Plaintiff has not met Rule 9(b)'s particularity requirement.  See United States ex rel. Grynberg v. Alaska Pipeline Co., Civ. No. 95-725, 1997 WL 33763820, at *4 (D.D.C. Mar. 27, 1997) (dismissing FCA claim where complaint alleged "each Defendant engaged in at least one of the [alleged] practices" but not specifying which allegations were tied to individual defendants).  A complaint must make specific allegations against each individual defendant rather than collective allegations against "each of the above-named Defendants," since one of the main rationales behind Rule 9(b)'s particularity requirement is to "guarantee all defendants sufficient information to allow for preparation of a response."  Cannon, 642 F.2d at 1385.  Therefore, Counts I, II, IV, and V must be dismissed against PAE as Plaintiff has not pled his allegations with sufficient particularity to state a claim.

Count III alleges that PAE employed unlicensed electricians, thereby causing CTSI to falsely certify to the USDA that it was in compliance with its contractual obligation to use only licensed

electricians. Compl. at ¶¶ 92, 156-59. While Plaintiff does make a specific allegation, this Count still does not meet the requirements of Rule 9(b).

There are a number of basic factual issues omitted from the Complaint in Count III. First, it does not identify which PAE employees were allegedly unlicensed or who at PAE hired them and submitted invoices to CTSI in violation of the licensing requirement.[6] See United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1257 (D.C. Cir. 2004) (finding an FCA claim lacked particularity when the complaint failed to identify the employees involved in the fraud). Second, the Complaint fails to identify what particular false claims were allegedly submitted by PAE, the content of any such false claims, and "who precisely was involved in the fraudulent activity." Williams, id. See United States ex rel. Brown v. Aramark Corp., 591 F. Supp. 2d 68, 74 (D.D.C. 2008) ("[A] relator must provide details that identify particular false claims for payment that were submitted to the government."). Third, the Complaint does not adequately state the time period during which the alleged activities took place. It only states that CTSI took over the USDA contract on April 1, 2003, but contains no further details as to when the fraud began or for how

---

[6] The Complaint lists "Defendant Don Swenson" as a Vice-President of PAE, Compl. at ¶ 16, but makes no further reference to him and never alleges how he may have been involved in any fraud. Additionally, he is not listed in the caption, and according to PAE's Motion, he was not served. PAE Mot. at 8 n.1.

long it existed.  See Williams, 389 F.3d at 1257 ("[a]llegations regarding the time of the false misrepresentations are entirely inadequate . . . [when] the open-ended time span . . . failed to give [Defendants] sufficient information to allow for preparation of a response.").

In addition, the Complaint does not allege that PAE acted to <u>knowingly</u> cause CTSI to submit false claims to the USDA, as required by 31 U.S.C. § 3729(b).[7]  For example, there is no allegation that PAE was aware of CTSI's contract requiring it to employ only licensed electricians, or that CTSI's contract even applied to PAE as a subcontractor.  See United States ex rel. Alexander v. Dyncorp., Inc., 924 F. Supp. 292, 303 (D.D.C. 1996) (noting that FCA plaintiffs need to state facts from which the court can infer a knowing violation on the part of the defendants).

Thus, because it fails to meet 9(b)'s particularity requirement, as well as the statute's knowledge requirement, Count III must be dismissed against PAE for failure to state a claim.

---

[7] "If a subcontractor . . . makes a false statement to a private entity and does not intend the Government to rely on that false statement as a condition of payment, the statement is not made with the purpose of inducing payment of a false claim 'by the Government.' In such a situation, the direct link between the false statement and the Government's decision to pay or approve a false claim is too attenuated to establish liability." Allison Engine Co. v. United States ex rel. Sanders, -- U.S. -- 128 S. Ct. 2123, 2130 (2008), superseded by statute, Pub. L. No. 111-21, 123 Stat 1617 (2009).

**B.   Plaintiff's Claims Against NATI, CTSI, Chang D. Hwang, John G. Carothers, Heys S. Hwang, and James W. Ruest Must Be Dismissed**

The remaining Defendants filed a joint Motion to Dismiss. The Court will address each Defendant in turn.

**1. Defendant NATI**

As an incentive for prompt performance, NATI's contract provided a bonus if it met response time goals when replying to service calls. Compl. at ¶ 46. Count I alleges that NATI falsified its response times in order to ensure that it received a bonus every month. Compl. at ¶ 144. Count II alleges that NATI submitted false reimbursement requests for repairs that were not reimbursable under the contract. Compl. at ¶ 66.  While Rule 9(b) is "not intended to be a formalistic bar to sub-standard pleadings," United States ex rel. Brown v. Aramark Corp., 591 F. Supp. 2d 68, 75 (D.D.C. 2008), Counts I and II still do not meet the requirements of Rule 9(b). An FCA Plaintiff must set out the details of the specific scheme, supply the time, place, and content of false representations, and link that scheme to claims for payment made to the United States. United States ex rel. Barrett v. Columbia/HCA Healthcare Corp., 251 F. Supp. 2d 28, 35 (D.D.C. 2003).

Counts I and II fail particularly in the areas of content and time. The Complaint does not indicate when NATI submitted the allegedly falsified time entries, or when those entries were actually made. Instead, the Plaintiff argues that alleging

wrongdoing over the entire period of the contract--October 1, 1997, to March 31, 2003-- is sufficient. Pl's. Opp'n to NATI Mot. at 10.

In cases where the complaint alleges complex or extensive fraud schemes, courts often relax the Rule 9(b) standard. See United States ex rel. Harris v. Bernad, 275 F. Supp. 2d 1, 8 (D.D.C. 2003) (denying a motion to dismiss when the FCA complaint alleged a complex fraud over a span of years). This case, however, does not allege a complex scheme, but rather a fairly simple scheme to misrepresent completed work and falsify claims for payment. Therefore, the bare six-year time frame given in the Complaint is insufficient. See Dyncorp, 924 F. Supp. at 303 (dismissing FCA claim partly for failure to state the dates on which allegedly false invoices were submitted).

The Complaint also does not sufficiently state the "content of false representations." Count I does not include the names and job titles of the employees who submitted the false bonus claims, how many times or when they were submitted, or which particular bonus claims are alleged to be falsified. See United States ex rel. Davis v. Dist. of Columbia, 591 F. Supp. 2d 30, 37 (D.D.C. 2008) ("The plaintiff must also state which individual made the misrepresentation."). Likewise, Count II alleges that seven out of 17 repair projects completed in July 2002 were not eligible for reimbursement, Compl. at ¶¶ 77, 78, but does not identify the projects or give a factual basis for why they were not eligible.

See Aramark, 591 F. Supp. 2d at 75 (dismissing complaint for not alleging "names and/or job titles of employees involved in preparing or submitting the invoices, the content of the invoices, . . . or the actual presentation of a false claim to the Government for payment."). Therefore, Counts I and II against Defendant NATI must be dismissed for failure to state a claim.

The sine qua non of an FCA complaint is that it allege a false or fraudulent claim. 31 U.S.C. § 3729(a)(1). The remaining Counts III, IV, and V do not allege that NATI submitted false claims. See United States ex rel. Ervin and Assocs., Inc. v. Hamilton Sec. Group, 370 F. Supp. 2d 18, 36 (D.D.C. 2005) ("[A] relator must produce evidence that the defendant actually submitted false demands for payment or submitted false records or statements in order to get a false claim paid."). Whether the information in those Counts allege breach of contract or common law fraud is irrelevant since a qui tam plaintiff has no standing to bring such causes of action under the statute. See e.g., United States ex rel. Long v. SCS Bus. & Tech. Inst., 999 F. Supp. 78, 92 (D.D.C. 1998) (common law cause of action distinct from claims under FCA) rev'd on other grounds, 173 F.3d 870 (D.C. Cir. 1999); see also Claire M. Sylvia, The False Claims Act: Fraud Against The Government § 10:25 (2009) (collecting cases).

Count III alleges that NATI billed the USDA for work performed by unlicenced employees in violation of a contractual clause.

Compl. at ¶ 159. However, since there is no allegation that NATI actually submitted a claim to the USDA that the employees were unlicenced, there is no way to know if the USDA had consented to the alleged breach of the contract clause.

Count IV alleges that NATI billed the USDA for overtime that did not qualify for overtime status, id. at ¶ 96, and then gave employees "compensation time" off in lieu of monetary compensation. Id. at ¶ 116. Significantly, this Count fails to assert a false claim.  The Complaint alleges that "NATI frequently billed for overtime."  Compl. at ¶ 105.  Plaintiff argues that the contract between NATI and the Government barred such overtime billing.  The allegation is similar to an unjust enrichment claim, and does not hinge on whether a false claim was made.  For this reason, Count IV must be dismissed.  See Long, 999 F. Supp at 92 (describing unjust enrichment as a "common-law cause of action separate and distinct from the FCA claim").

Count V alleges that NATI misrepresented the amount of work it performed by billing for tasks that had not been completed. Id. at ¶ 167.  While the Complaint lists a number of maintenance tasks that were allegedly not completed, it does not allege that Defendants made a false representation in connection with those particular tasks.  While this Count might state a cause of action for a breach of contract claim, it does not allege fraud as required in an FCA complaint.

Therefore, Counts III, IV, and V against Defendant NATI must also be dismissed for failure to state a claim.

### 2. Defendant CTSI

CTSI began its maintenance contract on April 1, 2003. Compl. at ¶ 25. As noted earlier, Plaintiff was not an employee of CTSI or its subcontractor PAE. Id. at ¶ 21. Thus, as Plaintiff does not have first-hand knowledge about CTSI's activities, he bases his allegations on information and belief. Id. at ¶¶ 36, 64, 81, 126, 138.

"As a general rule, pleadings upon information and belief do not satisfy Rule 9(b)'s particularity requirement." United States ex rel. Davis v. Dist. of Columbia, 591 F. Supp. 2d 30, 37 (D.D.C. 2008). However, courts make an exception in qui tam suits, as defendants often control the information necessary to satisfy Rule 9(b). Id. Thus, "pleadings on information and belief require an allegation that the necessary information lies within the defendant's control." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994); see also Davis, 591 F. Supp. 2d at 37 ("A relator invoking this exception must plead a lack of access to necessary information in the complaint.").

Plaintiff concedes that he did not allege lack of access in the Complaint, and attempts to rectify the situation by making the allegation in his Pleadings. Pl.'s Opp'n to NATI Mot. at 11. "While it is generally understood that the complaint may not be

amended by legal memoranda that are submitted as opposition to motions for dismissal . . . courts have allowed, for Rule 9(b) purposes, a party to supplement its complaint through such legal memoranda for the sake of judicial economy." Shekoyan v. Sibley Int'l Corp., 217 F. Supp. 2d 59, 73 (D.D.C. 2002).

However, even if the Court accepts the Plaintiff's allegation in his Opposition that necessary information is in Defendants' control, the allegations against CTSI still would not satisfy Rule 9(b). The Complaint merely alleges that the previously described wrongdoings by NATI continued under CTSI, with no further elaboration. Compl. at ¶¶ 36, 64, 81, 126, 138. As the Court has already ruled, supra, that Counts I through V against NATI must be dismissed for failure to meet Rule 9(b)'s particularity requirements, it follows that they must be also dismissed against Defendant CTSI for the same reasons.

### 3. Individual Defendants

The Complaint seeks to hold the remaining four Defendants liable on all five Counts. However, as noted above, an FCA complaint must make specific allegations against individual defendants, rather than against them as a group. "FCA cases in this circuit reveal that specificity regarding the identities of individual actors is required." United States v. Sci. Applications Int'l Corp., 555 F. Supp. 2d 40, 48 (D.D.C. 2008). For example, it is not enough for a complaint to refer generally to "management"

while providing a list of names without explaining the role individual defendants played in the alleged fraud. United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1257 (D.C. Cir. 2004). The references to the remaining Defendants scattered throughout the Complaint are insufficient to state a claim under the FCA.

Defendant Carothers is mentioned twice in the Complaint. In the background to Count I, the Complaint alleges that he instructed an employee to list maintenance as having been completed on the last day of the month in order to avoid pushing "the cycle to one month later." Compl. at ¶ 60. However, this does not relate to the allegations in Count I, which claim the Defendants falsified response times for repair requests, not maintenance orders. Id. at ¶ 143-44. Additionally, there is no allegation that the maintenance was not in fact done by the end of the month or that back-dating a request would have affected Government payments. See United States ex rel. Totten v. Bombardier Corp., 286 F.3d 542, 551 (D.C. Cir. 2002) ("The FCA attaches liability, not to underlying fraudulent activity, but to the claim for payment."). Carothers is also mentioned in the background to Count IV, which alleges he wrote a note instructing an employee of NATI to take compensation time. Compl. at ¶ 122. This allegation similarly does not allege any fraudulent activity by Carothers.

Defendant Ruest is alleged to have written a memo stating that NATI was trying to get more work orders so that they could "double dip the Government and make extra money." Compl. at ¶ 80. However, even if NATI was misrepresenting its work orders, it does not mean that Ruest himself submitted any false claims to USDA, and the Complaint makes no such allegation. Ruest is also alleged to have requested overtime for needing "special access" to the facilities, id. at ¶ 106, but this also does not allege that he submitted a false claim.

Defendants Chang D. Hwang and Heys S. Hwang are not specifically mentioned in the Complaint, other than being listed in a group; the one exception is the allegation that Chang D. Hwang received the memo described above from Ruest. Id. at ¶ 79. This is certainly not enough to state a claim under the FCA.

Therefore, all Counts against Defendants Chang D. Hwang, John G. Carothers, Heys S. Hwang, and James W. Ruest must be dismissed for failure to state a claim under Rule 12(b)(6).

**C. Leave to Amend**

Plaintiff requests leave to amend his Complaint in lieu of dismissal. Pl.'s Opp.'n at 1. Once a responsive pleading has been served, a party may only amend a pleading by leave of the court or with the consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires. Id. The decision to grant or deny leave to amend is vested in the sound

discretion of the trial court. Hammerman v. Peacock, 607 F. Supp. 911, 917 (D.D.C. 1985). In exercising its discretion, the trial court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. Id. As none of these factors appear to be present, Plaintiff is granted leave to amend Counts I through V, in order to meet the particularity requirements of Rule 9(b), with regard to all Defendants.

**IV. CONCLUSION**

For the reasons set forth above, the Motion to Dismiss of Defendant PAE is **granted**; the Motion to Dismiss of Defendants NATI, CTSI, Chang D. Hwang, John G. Carothers, Heys S. Hwang, and James W. Ruest is **granted**. Plaintiff's Request for Leave to Amend the Complaint as to allegations against all Defendants is **granted** and shall be filed no later than **April 1, 2010.**

An Order will issue with this opinion.

February 25, 2010                           /s/
                                     Gladys Kessler
                                     United States District Judge

**Copies to**: counsel of record via ECF