**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **ex rel.** | : |
| **ROBERT KEITH BENDER,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-1432 (GK) |
| **NORTH AMERICAN TELECOMMUNI-CATIONS, INC., et al.** | : |
| Defendants. | : |

## MEMORANDUM OPINION

Plaintiff-Relator Robert Bender brings this qui tam suit under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., on behalf of the United States against seven Defendants. This matter is before the Court on Defendants' Motions to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. Nos. 51-52].

Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons set forth below, the Motion to Dismiss the Amended Complaint of Defendant PAE Government Services, Inc. is **granted** and the Motion to Dismiss the Amended Complaint of Defendants North American Telecommunications, Inc. ("NATI"), Capitol Technology Services, Inc. ("CTSI"), Chang D. Hwang, John G. Carothers, Heys S. Hwang, and James W. Ruest is **granted**.

## I. BACKGROUND[1]

Plaintiff is an electrician formerly employed by Defendant NATI. From October 1, 1997, to March 31, 2003, NATI had an Operations and Maintenance contract with the United States Department of Agriculture ("USDA" or the "Government") to maintain four USDA buildings in Washington, D.C. Under the contract, NATI was responsible for day-to-day maintenance of the buildings. Defendant CTSI took over the contract on April 1, 2003. Defendant PAE Government Services, Inc. ("PAE") is a subcontractor of CTSI and performed electrical work on the buildings. Plaintiff was never employed by either CTSI or PAE. The other four defendants are or were officers or employees of NATI and CTSI: Chang D. Hwang, President of NATI; John G. Carothers, former Operations Coordinator for NATI and CTSI; Heys S. Hwang, President of CTSI; and James W. Ruest, project Manager at CTSI.

The Amended Complaint alleges five violations of the FCA. Count I alleges that NATI and CTSI falsified response times to service calls in order to claim the monthly bonuses provided for in their contract. Count II alleges that NATI and CTSI misrepresented non-reimbursable repairs as reimbursable repairs. Count III alleges

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from the Amended Complaint.

that NATI, CTSI, and PAE charged the USDA for work performed by employees who did not possess the qualifications required by the governing contract. Count IV alleges that NATI and CTSI billed the USDA for overtime work that their contracts excluded from overtime status. Count V alleges that NATI and CTSI misrepresented the amount of work they performed.

On August 14, 2006, Plaintiff filed his Complaint [Dkt. No. 1]. On September 27, 2007, The United States filed a Notice of Election to Decline Intervention [Dkt. No. 22].[2] On May 14, 2008, all of the Defendants except PAE filed a joint Motion to Dismiss pursuant to Rule 12(b)(6)[Dkt. No. 31]. On the same date, PAE filed a separate Motion to Dismiss [Dkt. No. 32]. Upon consideration of these Motions, along with Plaintiff's Oppositions [Dkt. Nos. 34-35] and Defendants' Replies [Dkt. Nos. 36-37], the Court dismissed the Complaint with leave to file an Amended Complaint on February 25, 2010 ("February 25 Opinion") [Dkt. Nos. 47-48]. United States ex rel. Bender v. N. American Telecomms., Inc. et al., 686 F. Supp. 2d 46 (D.D.C. 2010).

---

[2] The United States, pursuant to 31 U.S.C. § 3730(b)(1), requests that if either Plaintiff or Defendants move to dismiss, the Court solicit the Government's written consent before granting approval. Notice of Election to Decline Intervention, at 1 [Dkt. No. 22]. However, that provision pertains to voluntary dismissals only, and does not prevent the Court from dismissing an action for failure to state a claim. United States ex rel. Fletcher v. Fahey, 121 F.2d 28, 29 (D.C. Cir. 1941).

On April 26, 2010, Plaintiff proceeded to file his Amended Complaint [Dkt. No. 50]. On May 10, 2010, all Defendants except PAE filed a Motion to Dismiss the Amended Complaint ("NATI Motion") [Dkt. No. 51]. On the same date, PAE filed its separate Motion to Dismiss the Amended Complaint ("PAE Motion") [Dkt. No. 52]. On June 7, 2010, Plaintiff filed his respective Oppositions [Dkt. Nos. 54-55]. On June 14, 2010, Defendants filed their separate Replies [Dkt. Nos. 58-59].

**II. STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint will not suffice, however, if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) (citing Twombly, 550 U.S. at 557).

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success . . . must assume all the allegations in the

complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

To prove a violation of the FCA, a plaintiff must show either that the defendant (1) "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1), or (2) "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved." 31 U.S.C. 3729(a)(2).[3] A "claim" includes "any request or demand . .

---

[3] As part of the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617 (2009), Congress made a number of changes to the FCA. FERA includes a retroactivity clause which states that a new subsection would apply to all FCA "claims" pending as of June 7, 2008. 123 Stat. at 1625 (codified as a note following 31 U.S.C. § 3729). However, as courts that have considered this clause have noted, "claims" refers only to a defendant's request for payment, and not to pending cases. See United States v. Sci. Applications Int'l Corp., -- F. Supp. 2d -- No. CV-04-1543, 2009 WL 2929250 at * 14 (D.D.C. Sept. 14, 2009) ("Congress did not intend 'claims' . . . to mean 'cases.'"); United States ex rel. Sanders v. Allison Engine Co., -- F. Supp. 2d -- No. 95-CV-970, 2009 WL 3626773 at *4 (S.D. Ohio, Oct. 27, 2009) ("[A] plain reading of the retroactivity language reveals that the relevant change is applicable to 'claims' and not to 'cases.'").

As the original Complaint was filed on August 14, 2006, there are no allegations here of any pending claims by the Defendants on June 7, 2008. Therefore, the retroactivity clause does not apply, and the prior version of the FCA (last amended in 1994) will be
(continued...)

. for money or property" made to a recipient if the Government provides or reimburses the recipient any portion of the money requested. 31 U.S.C. § 3729(c). The knowledge requirement is satisfied if a person "has actual knowledge of the information, acts in deliberate ignorance of the truth or falsity of the information, or acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b). Finally, the Complaint must allege materiality. See United States ex rel. Ervin and Assocs., Inc. v. Hamilton Sec. Group, 370 F. Supp. 2d 18, 36 (D.D.C. 2005) ("The great weight of case law holds that the materiality of a false record or statement is an element of False Claims Act liability.").

"[B]ecause the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with Rule 9(b) [of the Federal Rules of Civil Procedure]" in order to state a claim. United States ex rel. Totten v. Bombardier Corp., 286 F.3d 542, 551-52 (D.C. Cir. 2002). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, to satisfy Rule 9(b), a FCA relator must state the time, place, and contents of the false representations, the facts

---

³(...continued)
used throughout the remainder of this opinion.

misrepresented, and what was obtained or given up as a consequence of the fraud. United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir. 1981).

**III. ANALYSIS**[4]

**A. Plaintiff's Claims Against PAE Are Dismissed**

The Amended Complaint alleges that "each of the above-named Defendants have caused the submission of false claims" in Counts I, II, and V. Am. Compl. ¶¶ 188, 195, 257. In Counts III and IV, the Amended Complaint alleges, in substance, that PAE used false records in the preparation of fraudulent claims submitted by others, knew of the fraudulent claims, and acted in deliberate ignorance of that knowledge. Id. at ¶¶ 219-222, 236-239. PAE argues that Plaintiff fails to allege any facts relating to PAE's wrongdoing under Counts I, II, IV, and V. PAE Mot. 5-7. PAE further argues that, in Count III, Plaintiff fails to allege a knowing violation of the False Claims Act and fails to identify any

---

[4] The applicable statute of limitations under the FCA is six years. 31 U.S.C. § 3731(b) ("A civil action under Section 3730 may not be brought more than six years after the date on which the violation of Section 3729 is committed."). See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 474 F. Supp. 2d 75, 89 (D.D.C. 2007) (holding that the statute of limitations applies to relators when the Government does not intervene). The original Complaint was filed on August 14, 2006. The Plaintiff concedes that potential FCA violations that occurred prior to August 14, 2000, are time-barred. Pl.'s Opp'n. to NATI Mot. at 11. The Court therefore dismisses any allegations of claims accruing prior to August 14, 2000.

particular false claim. Id. at 8-13. For these reasons, PAE seeks dismissal of the Amended Complaint.

As noted in the February 25 Opinion, a "complaint must make specific allegations against each individual defendant rather than collective allegations against 'each of the above-named Defendants,' since one of the main rationales behind Rule 9(b)'s particularity requirement is to 'guarantee all defendants sufficient information to allow for preparation of a response.'" United States ex rel. Bender, 686 F. Supp. 2d at 50 (quoting United States ex rel. Joseph, 642 F.2d at 1385). Therefore, Plaintiff must specifically allege facts giving rise to liability for each defendant individually. See United States ex rel. Grynberg v. Alaska Pipeline Co., Civ. No. 95-725, 1997 WL 33763820, at *4 (D.D.C. Mar. 27, 1997) (dismissing FCA claim where complaint alleged only that "each Defendant engaged in at least one of the [alleged] practices").

The allegations against PAE in Plaintiff's original Complaint were dismissed because the allegations contained in Counts I, II, IV, and V were "silent regarding PAE's liability." United States ex rel. Bender, 686 F. Supp. 2d at 50. In an effort to correct this deficiency, Plaintiff has merely inserted in his Amended Complaint the single sentence that, under Counts I, II, IV, and V, CTSI and NATI's fraudulent "practice[s] continued by PAE employees." Am.

Compl. ¶¶ 73, 90, 102, 153, 171. Aside from this conclusory statement regarding PAE's practices, Plaintiff fails to allege the date of any fraud perpetrated by PAE or any other information regarding specific fraudulent claims submitted or prepared by PAE.

It is insufficient to allege a scheme against one defendant and merely ascribe similar behavior to another. See <u>U.S. v. N.Y. City Health and Hosp. Corp.</u>, No. 95 Civ. 7649(LMM), 2000 WL 1610802, at *3 (Oct. 27, 2000 S.D.N.Y.) (dismissing the complaint as to defendants against whom plaintiff made no specific factual allegations but whom plaintiff claimed must have been engaged in the same conduct as other defendants because they operated under the same contract). Therefore, Counts I, II, IV, and V must be dismissed against PAE for failure to state a claim.

Count III alleges that PAE employed unlicensed electricians, thereby causing CTSI to falsely certify to the USDA that it was in compliance with its contractual obligation to use only licensed electricians. Am. Compl. ¶¶ 104-22, 211-22. Now, Plaintiff does make specific allegations against PAE. In particular, Plaintiff has responded to the finding in the February 25 Opinion that Plaintiff had failed to specify which PAE employees were allegedly unlicensed by naming several of the unlicensed employees. See Am. Compl. ¶¶ 109-112.

Nonetheless, the Amended Complaint, like the Complaint before it, fails to identify what particular false claims were allegedly submitted by PAE, the content of any such false claims, and "who precisely was involved in the fraudulent activity." United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1257 (D.C. Cir. 2004); see also United States ex rel. Brown v. Aramark Corp., 591 F. Supp. 2d 68, 74 (D.D.C. 2008) ("[A] relator must provide details that identify particular false claims for payment that were submitted to the government."). Plaintiff merely alleges that the "work of unlicensed and/or unqualified electricians . . . was billed by PAE to CTSI, and then by CTSI to USDA." Am. Compl. ¶ 113. Whether or not PAE's conduct violated its contract, Plaintiff has not made any allegation that PAE submitted or caused to be submitted any claim containing false or fraudulent information.

Further, the Amended Complaint, like the Complaint before it, does not allege that PAE acted to knowingly cause CTSI to submit false claims to the USDA, as required by 31 U.S.C. § 3729(b).[5] For

---

[5] "If a subcontractor . . . makes a false statement to a private entity and does not intend the Government to rely on that false statement as a condition of payment, the statement is not made with the purpose of inducing payment of a false claim 'by the Government.' In such a situation, the direct link between the false statement and the Government's decision to pay or approve a false claim is too attenuated to establish liability." Allison Engine Co. v. United States ex rel. Sanders, -- U.S. -- 128 S. Ct. 2123, 2130 (2008), superseded by statute, Pub. L. No. 111-21, 123 Stat 1617 (2009).

example, there is no allegation that PAE was aware of CTSI's contract requiring it to employ only licensed electricians, or that CTSI's contract even applied to PAE as a subcontractor. See <u>United States ex rel. Alexander v. Dyncorp., Inc.</u>, 924 F. Supp. 292, 303 (D.D.C. 1996) (noting that FCA plaintiffs need to state facts from which the court can infer a knowing violation on the part of the defendants).

Thus, because it fails to meet Rule 9(b)'s particularity requirement, as well as the FCA's knowledge requirement, Count III must be dismissed against PAE for failure to state a claim.

### B. Plaintiff's Claims Against NATI, CTSI, Chang D. Hwang, John G. Carothers, Heys S. Hwang, and James W. Ruest Are Dismissed

The remaining Defendants filed a joint Motion to Dismiss. Each count will be addressed in turn.

#### 1. Count I Is Dismissed

Count I alleges that Defendants falsified response times to service calls in order to obtain contractual bonuses for prompt service. Am. Compl. ¶ 52. Defendants argue that Count I of the Amended Complaint "fails to supply any of the specifics this Court already ruled must be produced." NATI Mot. 9. Defendants contend that the Amended Complaint does not allege the content of the false claims, identify the employees who made them, state how many times

or when the false claims were submitted, or describe any specific false bonus claims submitted. Id.

While Rule 9(b) is "not intended to be a formalistic bar to sub-standard pleadings," an FCA Plaintiff must set out the details of the specific scheme, supply the time, place, and content of false representations, and link that scheme to claims for payment made to the United States. United States ex rel. Brown v. Aramark Corp., 591 F. Supp. 2d 68, 75 (D.D.C. 2008); United States ex rel. Barrett v. Columbia/HCA Healthcare Corp., 251 F. Supp. 2d 28, 35 (D.D.C. 2003).

Although the Amended Complaint does describe how the alleged scheme was carried out, it contains no allegations as to any specific false claims submitted by any Defendant. Nor does the Amended Complaint offer any specific information as to the time or place of false representations. Rather, the Amended Complaint merely alleges that NATI and CTSI employees submitted claims with false completion times for service calls "on numerous occasions." Am. Compl. ¶ 55.

The Court is sympathetic to Plaintiff's difficulty in gaining access to documents that may provide details about specific false claims submitted to the Government. See Opp'n to NATI Mot. 16-17. Plaintiff points out that, as an electrician, he had no access to the types of documents that would confirm the improprieties he

regularly observed. Id. However, Rule 9(b) is clear in requiring plaintiffs to allege specific times, places, and contents of false representations. See United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051 (9th Cir. 2001) (finding that, although "Rule 9(b) may not require [plaintiff] to allege, in detail, all facts supporting each and every false" claim, plaintiff must be specific enough to give defendants notice of the particular misconduct alleged); United States ex rel. Barrett, 251 F. Supp. 2d at 35 ("While a complaint that covers a multi-year period may not be required by Rule 9(b) to contain a detailed allegation of all facts supporting each and every instance of submission of a false claim, some information on the false claims must be included."). Critically, plaintiffs must provide "defendants sufficient information to allow for preparation of a response." United States ex rel. Joseph, 642 F.2d at 1385.

In only one instance does Plaintiff attempt to overcome the lack of specificity by describing an incident in "the Summer of 2002," when he "personally witnessed NATI employee Daniel Thayer . . . locking the times of service calls in order to make them appear as if they had been completed with the times applicable for a bonus." Am. Compl. ¶ 70. Plaintiff goes on to allege that he confronted Daniel and Kenneth Thayer about the incident, but neither gave any response. Id. at ¶ 71. While these allegations do

present some specific facts, the crucial fact Plaintiff fails to allege is whether any NATI employee filed a false claim with the Government based on the conduct described. Without an allegation of a false claim submitted to the Government, Plaintiff cannot overcome the requirements of Rule 9(b). See United States ex rel. Barrett, 251 F. Supp. 2d at 35 (a viable complaint must allege "that claims for payment were made to the federal government"). Therefore, Count I must be dismissed for failure to state a claim.

### 2. **Count II Is Dismissed**

Count II alleges that NATI and CTSI, through named Defendants and other employees, fraudulently accumulated minor repairs until the aggregated repairs reached a dollar threshold entitling Defendants to extra compensation. Am. Compl. ¶¶ 192-93. Defendants argue that the Amended Complaint fails to allege specific false claims, dates of specific false claims, or employees who submitted such false claims under Count II. NATI Mot. 10-14.

Many of Plaintiff's allegations in Count II neglect to allege specific instances of employees submitting false claims. Rather than allege any particular times or examples of claims falsely submitted for additional compensation, Plaintiff relies on words like "routinely," "occasionally," and "frequently." Am. Compl. ¶¶ 92-93, 98. These allegations alone do not set out the time of the false representations with sufficient specificity. See United

States ex rel. Totten, 286 F.3d at 552; United States ex rel. Joseph, 642 F.2d at 1385 (plaintiffs must provide "all defendants sufficient information to allow for preparation of a response.").

When Plaintiff does describe specific instances of misconduct in Count II, he fails to allege that false claims were actually submitted to the Government. In particular, Plaintiff alleges five instances from 2000 through 2003 in which Defendants accumulated minor repairs in order to achieve the minimum threshold for additional reimbursement. Am. Compl. ¶ 94. However, Plaintiff makes no allegation that any claim submitted to the Government based on the aggregate repairs actually contained any false or fraudulent information. Without this critical allegation, Plaintiff has failed to allege any statutory false claim with sufficient particularity. United States ex rel. Barrett, 251 F. Supp. 2d at 35.[6] Count II must be dismissed for failure to state a claim.

### 3. **Count III Is Dismissed**

Count III alleges that Defendants billed the USDA for work performed by unlicensed employees in violation of a contractual clause. Am. Compl. ¶¶ 211-12. However, the Amended Complaint

---

[6] Plaintiff also alleges that a memorandum, dated February 6, 1998, states that "NATI is pushing to get more MRWO because they can 'double dip' the Government and make extra money." Am. Compl. ¶ 89. For the reasons noted above, FCA violations that occurred prior to August 14, 2000, are time-barred. See supra note 4, at 7. Therefore, any allegations relating to claims accruing before February 6, 1998 are not relevant.

contains no allegation that Defendants actually submitted a claim to the USDA reflecting that the employees were licensed.[7] See Martin v. Arc of Dist. of Columbia, 541 F. Supp. 2d 77, 82-83 (D.D.C. 2008) (dismissing an FCA claim based on an allegation that defendant did not comply with the government's requirement for hiring experienced employees because plaintiff made no allegation that a fraudulent claim was submitted); United States ex rel. Ervin and Assocs., Inc. v. Hamilton Sec. Group, 370 F. Supp. 2d 18, 36 (D.D.C. 2005) ("[A] relator must produce evidence that the

---

[7] Although Plaintiff has not raised the theory of "implied certification" in his papers, it is clear that, in certain circumstances, this Circuit permits an FCA claim based on the theory that a bill submitted to the government impliedly certified that laws, regulations, or contractual provisions were complied with. See United States v. TDC Mgmt. Corp., 288 F.3d 421, 426 (D.C. Cir. 2002) (finding liability for false claims based on "reports in support of payment that omitted information indicating that [defendant] was acting in a manner that was contrary to the core terms of the Program.").

However, courts may infer a false claim from a bill silent as to compliance with contractual provisions "only where certification [of compliance] was a prerequisite to the government action sought." United States ex rel. Siewick v. Jamieson Science and Engineering, Inc., 214 F.3d 1372, 1376 (D.C. Cir. 2000). This crucial element has been described as requiring that "[c]ertification of compliance with the statute or regulation alleged to be violated must be so important to the contract that the government would not have honored the claim presented to it if it were aware of the violation." United States ex rel. Barrett, 251 F. Supp. 2d at 33. Plaintiff has made no such allegation here. See id. at 35 (dismissing plaintiffs' claim due to failure to allege that defendant's violation rose "to the level of affecting the government's decision to pay"). Plaintiff similarly fails to make this allegation in either Counts IV or V.

defendant actually submitted false demands for payment or submitted false records or statements in order to get a false claim paid."). Whether Count III alleges breach of contract or common law fraud is irrelevant since a qui tam plaintiff has no standing to bring such causes of action under the statute. See, e.g., United States ex rel. Long v. SCS Bus. & Tech. Inst., 999 F. Supp. 78, 92 (D.D.C. 1998) (common law cause of action distinct from claims under FCA) rev'd on other grounds, 173 F.3d 870 (D.C. Cir. 1999). Hence, Count III must be dismissed.

### 4. Count IV Is Dismissed

Count IV alleges that NATI and CTSI, through named Defendants and other employees, billed the USDA for overtime that did not qualify for overtime status, id. at ¶ 226, and then gave employees "Compensation Time" in lieu of monetary compensation. Id. at ¶ 228. Plaintiff alleges that NATI and CTSI's contract specified that certain work conducted outside of normal business hours would not be reimbursable as overtime. Id. at ¶¶ 125-130. Plaintiff claims that Defendants billed the Government for overtime work that should have fallen into this non-reimbursable category. ¶ 123. Defendants argue, in substance, that Plaintiff does not allege any false claims submitted to the Government. See NATI Mot. 15-17.

Plaintiff does allege several specific instances in which Defendants submitted bills to the Government for overtime work that

Plaintiff believes should not have been counted as overtime under the contract. See Am. Compl. ¶¶ 124,[8] 135, 137. However, the claims that Defendants submitted to the Government for payment were not in and of themselves false or fraudulent. United States ex rel. Ervin and Assocs., 370 F. Supp. 2d at 36. Indeed, Plaintiff's description of the bills submitted to the Government indicates that Defendants very precisely described the work for which they sought overtime reimbursement. See, e.g., Am. Compl. ¶ 135. At most, these allegations describe a breach of contract claim, for which Plaintiff has no standing under the False Claims Act. See United States ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co., 612 F.3d 724, 728 (4th Cir. 2010) (the FCA "does not allow a qui tam relator to shoehorn what is, in essence, a breach of contract action into a claim that is cognizable under the False Claims Act") (internal quotations omitted); United States ex rel. Hendow v. University of Phoenix, 461 F.3d 1166, 1171 (9th Cir. 2006) ("for a breach of contract . . . to give rise to an action under the False Claims Act, it requires a false claim.") (internal

---

[8] Plaintiff refers to Exhibit A, which identifies eleven Monthly Status Reports, presumably submitted to the Government, which Plaintiff "personally knows involved overtime charges improperly billed to the Government." Am. Compl. ¶ 124. Ten of these eleven Monthly Status Reports are irrelevant, as they are dated prior to the August 14, 2000. Any claims based upon those Monthly Status Reports are time-barred.

quotations omitted); United States ex rel. Long, 999 F. Supp. 78, 92.

Plaintiff's allegations that Defendants improperly awarded employees Compensation Time in lieu of monetary payment similarly fail to encompass an actual false or fraudulent claim. Plaintiff alleges that NATI persisted in using Compensation Time, despite the fact that its use was both illegal and contrary to the Collective Bargaining Agreement between the local union and NATI. Am. Compl. ¶¶ 140-41. Regardless of the propriety of NATI's use of Compensation Time, Plaintiff makes no allegation that Defendants made any misrepresentation to the Government in claiming payment, as required by the False Claims Act.[9] Therefore, Count IV must be dismissed.

### 5. Count V Is Dismissed

Count V simply alleges that NATI failed to complete maintenance tasks required by contract. Am. Compl. ¶¶ 243-44. Plaintiff alleges that the Defendants' failure to perform preventative and other required maintenance at an acceptable level rendered their bills to the Government false claims. Am. Compl. ¶¶ 156-71. Count V is insufficient for the same reasons as Count IV. Although Plaintiff details many pieces of equipment that did not

---

[9] As noted supra note 7, at 15-16, Plaintiff has also failed to allege that the use of Compensation Time was "contrary to the core terms" of the contract. TDC Mgmt. Corp., 288 F.3d at 426.

receive the maintenance required by NATI's contract, Plaintiff does not allege that claims were submitted to the Government containing false or fraudulent information about such maintenance. As with Count IV, the alleged conduct at most amounts to breach of contract. Therefore, Count V must be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, the Motion to Dismiss the Amended Complaint of Defendant PAE is **granted**; the Motion to Dismiss the Amended Complaint of Defendants NATI, CTSI, Chang D. Hwang, John G. Carothers, Heys S. Hwang, and James W. Ruest is **granted**. As Plaintiff has not sought leave to amend, the Amended Complaint must be dismissed with prejudice.

An Order will issue with this opinion.

|  |  |
|---|---|
| November 4, 2010 | /s/<br>Gladys Kessler<br>United States District Judge |

**Copies to:** counsel of record via ECF